IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY LEE FLECK, | ) |
|                 Petitioner, | ) Civil Action No. 11 – 64J |
| v. | ) District Judge Kim R. Gibson |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| FEDERAL CORRECTIONAL INSTITUTION, and WARDEN R. WERLINGER, | ) ECF No. 5, 14 |
|                 Respondents. | ) |

## **MEMORADUM ORDER**

Petitioner, Danny Lee Fleck, initiated this action on March 9, 2011, by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a motion for leave to proceed *in forma pauperis*. It was referred to a magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

In his habeas petition, Petitioner challenges the results of a disciplinary hearing where he was found to have committed the prohibited act of Fighting With Another Person, Code 201, and sanctioned to 30 days disciplinary segregation, 15 days disallowance of Good Conduct Time, and 180 days loss of visiting privileges. Petitioner filed a Motion for Summary Judgment (ECF No. 14) on July 1, 2011, and Respondents filed a Response to the habeas petition on July 18, 2011 (ECF No. 15).

1

On February 14, 2012, the Magistrate Judge entered a Report and Recommendation (ECF No. 19) recommending that Petitioner's Motion for Summary Judgment and habeas petition be denied. Petitioner was served with the Report and Recommendation at his listed address and advised that he had until March 2, 2012, to file written objections. Petitioner filed objections to the report on February 24, 2012. For the following reasons, Petitioner's objections do not undermine the recommendation of the Magistrate Judge.

Petitioner appears to object to the Court's finding that there was sufficient evidence to support the decision of the Discipline Hearing Officer (DHO) under the evidentiary standard set forth in Superintendent v. Hill, 472 U.S. 445, 455 (1985). Petitioner asserts that he should not have been charged and found guilty of a Code 201 violation because Bureau of Prisons (BOP) regulation does not state that a verbal disagreement constitutes a fight, and while he admits to some sort of a verbal confrontation, he insists that he was assaulted by the other inmate. However, because Petitioner was not able to present evidence that a Code 201 violation was limited to physical altercations, the Magistrate Judge found that the evidentiary standard of Hill was satisfied in this case.

Petitioner now objects stating that BOP regulations defining the term "fight" for purposes of a Code 201 violation were revised to include a "verbal encounter or engagement" only after he was charged and found guilty of such violation. He states that the verbal element to the infraction did not exist at the time of the incident in question and that a "fight" was limited only to physical encounters. However, Petitioner has again failed to present evidence that a Code 201 violation was limited to physical altercations on July 12, 2010, the date the incident occurred. He has simply provided the Court with a copy of the July 1, 2009 edition of 28 C.F.R. §541.13, Table 3, which lists the possible sanctions that the DHO could impose for prohibited acts,

2

including a Code 201 violation, Fighting With Another Person. However, this information does not define the word "fight" or list the elements for a Code 201 offense. As such, Petitioner's objection is without merit.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the objections thereto, the following order is entered.

AND NOW, this 5th day of March, 2012;

**IT IS HEREBY ORDERED** that Petitioner's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHERED ORDERED** that the Report and Recommendation dated February 14, 2012 (ECF No. 19) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Kim R. Gibson
United States District Judge

cc: Danny Lee Fleck
    41570-037

Loretto
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Loretto, PA  15940

Counsel of record.